1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,                    No. CR S-97-0574 GEB DAD P

12        vs.

13   ABDEL RAZZAQ M. DAAS,

14              Movant.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16              On December 22, 2004, defendant Daas, proceeding through counsel, filed a

17   motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Citing Blakely

18   v. Washington, movant claims that his sentence "was unconstitutional in that it was imposed by

19   the Court under the United States Sentencing Guidelines, which are unconstitutional."  (Mot. to

20   Vacate, Set Aside or Correct Sentence, Attach. at 1.)  On December 23, 2004, the § 2255 motion

21   was referred to a magistrate judge for further proceedings.

22              By order filed January 6, 2005, respondent was granted thirty days to file a

23   response to the § 2255 motion.  On February 4, 2005, in response to an inquiry from respondent's

24   counsel, movant's counsel indicated that he had no objection to a continuance.  (Decl. of

25   Samantha S. Spangler filed Mar. 16, 2005, ¶ 3.)  On March 16, 2005, respondent filed a motion

26   to dismiss the § 2255 motion as untimely or procedurally defaulted.

                                              1

By order filed March 23, 2005, movant was ordered to file opposition to the counter-motion within thirty days.  Movant did not file opposition or respond in any other way to the order requiring the parties to brief the counter-motion.  By order filed May 27, 2005, the court ordered movant to show good cause for failing to comply with the briefing order.  The court also ordered movant for the second time to file opposition, or a statement of non-opposition, to respondent's motion.

In response to the May 27, 2005 order, movant has filed a document in which he cites Rule 5(d) of the rules that govern § 2255 proceedings[1] and states that he has "elected not to file a Reply, and rests on his original motion."  (Movant's Response to Order to Show Cause at 1.)  Movant has not briefed the counter-motion despite two court orders requiring such briefing.

ANALYSIS

I.  <u>Respondent's Contention that Movant's Claim Is Time-Barred</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  The AEDPA added the following provision to 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Rule 5(d) of the Rules Governing § 2255 Proceedings for the United States District Courts permits a movant to submit a reply "to the respondent's answer or other pleading."  Rule 5(d) does not contain any provision concerning the briefing of counter-motions or any provision excusing a movant from complying with a court order requiring the parties to brief a motion.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The one-year AEDPA statute of limitations applies to § 2255 motions filed after the statute was enacted.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

Movant does not dispute that the Ninth Circuit affirmed his conviction on March 18, 2002, and that the time for filing a petition for writ of certiorari expired 90 days later, on June 16, 2002.  Movant's conviction became final for purposes of § 2255(1) on June 16, 2002.  <u>See</u> <u>United States v. Garcia</u>, 210 F.3d 1058, 1060 (9th Cir. 2000).  If the one-year period of limitation began to run on June 16, 2002, it expired on June 15, 2003, more than six months prior to the filing of movant's § 2255 motion.

In his § 2255 motion, movant contends that the one-year period began to run from a later date.  He argues that he is asserting a right newly recognized by the Supreme Court in <u>Blakely v. Washington</u>, that the <u>Blakely</u> decision should be retroactively applied, and that he has brought his motion within one year after <u>Blakely</u> was decided.  Movant asserts that § 2255(3) provides the start date for the one-year period of limitation and that his motion is therefore timely.  Movant argues that <u>Cook v. United States</u>, 386 F.3d 949 (9th Cir. 2004), in which the Ninth Circuit stated that "the Supreme Court has not made <u>Blakely</u> retroactive to cases on collateral review," is not applicable because <u>Cook</u> was decided in the context of an application to file a second or successive § 2255 motion raising a <u>Blakely</u> claim, while the movant in this case is raising such a claim in his initial § 2255 motion.

In moving to dismiss the § 2255 motion, respondent observes that, after movant filed the motion, the Supreme Court applied the rule of <u>Blakely</u> to the United States Sentencing Guidelines and ruled that the Guidelines, as written, violate the Sixth Amendment principles articulated in <u>Blakely</u>.  <u>United States v. Booker</u>, 125 S. Ct. 738, 749-56 (2005).  The Court severed and excised the provision making the Guidelines mandatory and declared the Guidelines effectively advisory.  <u>Id.</u> at 756.  Respondent reasons that both <u>Blakely</u> and <u>Booker</u> are

3

1    extensions of the principles announced in <u>Apprendi</u> and that claims arising under <u>Blakely</u> and

2    <u>Booker</u> cannot be raised on initial collateral review because the Ninth Circuit has held that "the

3    new rule of criminal procedure announced in <u>Apprendi</u> does not apply retroactively to cases on

4    initial collateral review."  <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 665 (9th Cir. 2002).

5    Respondent cites <u>Cook v. United States</u> and other cases in which the Ninth Circuit has

6    consistently reaffirmed its determination that the <u>Apprendi</u> rule does not apply retroactively to

7    cases on collateral review.  <u>See Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1245-46 (9th Cir.

8    2005).  Citing numerous cases, respondent asserts that every court of appeals that has considered

9    the question has held that <u>Apprendi</u> claims are not cognizable on collateral review.  Respondent

10   also cites a recent case in which the Seventh Circuit applied a retroactivity analysis consistent

11   with the Ninth Circuit's analysis in <u>Sanchez-Cervantes</u> and held that <u>Booker</u> does not apply

12   retroactively to initial § 2255 motions.  <u>See McReynolds v. United States</u>, 397 F.3d 479 (7th Cir.

13   2005), <u>cert</u>. <u>denied</u>, ___ U.S. ___, No. 04-9994, 2005 WL 1105026 (U.S. June 6, 2005).

14          Movant has not disputed respondents' arguments and has not rebutted any of the

15   cases cited by movant.  Movant has not cited any decision holding that <u>Booker</u>, which applied the

16   <u>Blakely</u> reasoning to the United States Sentencing Guidelines, can be retroactively applied to any

17   conviction on collateral review.

18          The undersigned finds that at least three circuit courts have joined the Seventh

19   Circuit in deciding that <u>Booker</u> does not apply retroactively on collateral review, whether the

20   defendant's § 2255 motion is an initial motion or a second or successive motion.  On February

21   17, 2005, the Eleventh Circuit held, in the context of an initial § 2255 motion, that "<u>Booker</u>'s

22   constitutional rule falls squarely under the category of new rules of criminal procedure that do

23   not apply retroactively to § 2255 cases on collateral review."  <u>Varela v. United States</u>, 400 F.3d

24   864, 868 (11th Cir. 2005) (per curiam).  On February 25, 2005, the Sixth Circuit concluded, also

25   in the context of an initial § 2255 motion, that "<u>Booker</u>'s rule does not apply retroactively in

26   collateral proceedings."  <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir. 2005).  On

4

April 8, 2005, the Second Circuit held, in the context of an initial § 2255 motion, that <u>Booker</u> is

not retroactive and "does not apply to cases on collateral review where the defendant's

conviction was final as of January 12, 2005, the date that <u>Booker</u> issued." <u>Guzman v. United</u>

<u>States</u>, 404 F.3d 139, 141 (2d Cir. 2005). <u>See also</u> <u>United States v. Gonzalez</u>, No. CR 01-60105-

AA, 2005 WL 1389074, *1 (D. Or. June 9, 2005) ("No court has held that <u>Booker</u> is retroactive

to cases beyond those on direct review; rather, courts have ruled consistently that <u>Booker</u> is not

retroactive to cases that were rendered final before the Supreme Court's ruling was issued on

January 12, 2005."); <u>Hewett v. United States</u>, ___ F. Supp. 2d ___, No. CR 00-00063 DAEBMK,

CV 05-00277 DAEBMK, 05-0314 DAEBMK, 2005 WL 1331116, *4 (D. Haw. May 20, 2005)

("[E]very federal court of appeals to address the question of whether <u>Blakely</u> or <u>Booker</u> are

retroactive to *initial* cases on collateral review . . . has held that they are not."); <u>United States v.</u>

<u>Wrenn</u>, No. CR 99-225-RE, CV 05-375-RE, 2005 WL 1389060, *2 (D. Or. May 10, 2005)

("[T]he <u>Blakely</u>/<u>Booker</u> rule does not apply retroactively to cases on collateral review.  Although

the Ninth Circuit has not ruled on the issue of retroactivity in the context of an initial Section

2255 motion, three other circuit courts have so ruled . . . . and [n]umerous federal district courts,

including this one, have also so ruled."); <u>United States v. Argento</u>, ___ F. Supp. 2d ___, No. CR-

94-0851-AK, 2005 WL 1377828, *3 (C.D. Cal. Apr. 27, 2005) ("The court holds, consistent with

the views of every circuit court that has addressed the issue, that <u>Booker</u> does not apply

retroactively to cases that became final before it was decided.")

       Because movant's claim is not based on a new right made retroactively applicable

to cases on collateral review, § 2255(3) does not provide movant with a later start date for the

one-year period of limitation.  The one-year period began to run on June 16, 2002, when

movant's conviction became final, and expired on June 15, 2003.  The § 2255 motion filed by

movant on December 22, 2004, is time-barred and should be dismissed on that ground.

/////

/////

5

II.  Respondent's Contention that Movant's Claim Is Procedurally Defaulted

Citing well established Supreme Court and Ninth Circuit authority, respondent argues that movant's claims based on Booker and Blakely are procedurally barred because movant did not raise them at trial, at sentencing, or on direct review.  Respondent argues persuasively that movant has not shown and cannot show cause and prejudice for his procedural default.  Movant's § 2255 motion offers no evidence or argument to the contrary, and movant rests on his motion.  The § 2255 motion should be dismissed as procedurally defaulted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's March 16, 2005 motion to dismiss be granted on the grounds that movant's § 2255 motion is both untimely and procedurally defaulted;

2.  Movant's December 22, 2004 motion pursuant to § 2255 to vacate, set aside or correct sentence be dismissed; and

3.  The Clerk of the Court be directed to close the companion civil case No. CIV S-04-2688.

These findings and recommendations are submitted to the United States District Judge pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten court days after being served with these findings and recommendations, movant may file written objections with the court.  Any reply to objections shall be filed within ten court days after the objections are served. Failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2005.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
daas0574.257